UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION



FILED

MARIE STEVENS,

    Plaintiff,

vs.

NCO FINANCIAL SYSTEMS, INC.

    Defendant.

_____/

CASE NO.: 3:13-CV-591-J-34___

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, MARIE STEVENS, by and through undersigned counsel, and files this Complaint against the Defendant NCO FINANCIAL SYSTEMS, INC. and alleges:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.201 et seq. of the Florida Statutes, by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in Jacksonville, Duval County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) Sections 559.55(2) and 501.203(7), Fla. Stat.

5. Defendant, NCO FINANCIAL SYSTEMS, INC. (hereinafter "Defendant") is a collection agency operating from an address 507 Prudential Road, Horsham, PA 19044, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and Section 559.55(6).

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat.

7. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant NCO FINANCIAL SYSTEMS, INC. for collection from this Plaintiff.

8. In October 2012, Plaintiff retained attorney Robert Corse, Esq. in reference to her debts, including the debts from NCO FINANCIAL SYSTEMS, INC.

9. After retaining the undersigned counsel, Plaintiff told NCO FINANCIAL SYSTEMS, INC. that she was represented by attorney Robert Corse in reference to all of her debts and provided his name and contact information and directed that all future communication go through him.

10. Thereafter despite being on notice that Plaintiff was represented by an attorney, Plaintiff has been repeatedly contacted directly by the Defendant in an attempt to collect a debt.

## TRIAL BY JURY

11. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P.38.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

Plaintiff re-alleges Paragraphs (6) six through (11) eleven as though fully restated herein and further restates as follows:

12. By repeatedly and incessantly communicating with the Plaintiff after being on notice that she was represented by counsel, the foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to §1692 c(a)(2), §1692 d, §1692e, §1692f, the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

13. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)( A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### COUNT TWO: VIOLATIONS OF THE FLORIDA
### CONSUMER COLLECTION PRACTICES ACT
### Section 559.55 et seq., Fla. Stat.

Plaintiff incorporates by reference paragraphs six (6) through eleven (11) of this Complaint as though fully stated herein.

14. As a result of Defendant's violations of the FCCPA, §559.77(7)(18)(19) by repeatedly and incessantly contacting a consumer represented by counsel, Plaintiff is

entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

15. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

### COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.§ 1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and for Plaintiff; and

- for such other relief as this Court deems just and proper.

### COUNT II: VIOLATIONS OF THE FLORIDA
### CONSUMER COLLECTION PRACTICES ACT
### Section 559.55 et seq., Fla. Stat.

- for an award of actual damages pursuant to Section 559.77 against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff' credit reports; and

- for such other relief as this Court deems just and proper.

COLLINS & STORY, P.A.

MAX STORY, ESQ.
Florida Bar No. 527238
233 East Bay Street, Suite 920
Jacksonville, FL 32202
Telephone: (904) 355-0805
Facsimile: (904) 634-1507
mspleadings@collinsstorylaw.com
Attorneys for Plaintiff